[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action asking that a marriage be dissolved. All jurisdictional requirements for its maintenance have been met.
The parties intermarried in Bridgeport, Connecticut on October 5, 1972. There are no minor children issue of the marriage. The marriage has broken down irretrievably with no hope of reconciliation. CT Page 7093
There had been problems early in the marriage and in 1974 or 1975 the parties separated for a short time and then decided to get back together again. Then the defendant was astonished, when in February 1993, the plaintiff said that he didn't want to be married and that he wanted a divorce. He told the defendant that he fell out of love with her in 1991 but there was no other woman. He moved out and the defendant was told he was staying with a retired handler from their company. The defendant found he was living with a Doreen DeLessio. At a deposition he said that he was having sexual relations with Doreen, and that he had moved in with her on March 16, 1993. The court notes that the action was filed in court by the plaintiff on April 23, 1993.
The court finds that the plaintiff was the sole cause of the breakup of the marriage and that the defendant did not cause the breakup in any way.
The marriage is dissolved.
The marital home in Oxford has been lost through foreclosure. The plaintiff is living with Doreen and the defendant is living in a condo in Naugatuck.
Although it was not mentioned during the hearings, apparently all the marital property has been divided. In any event, the plaintiff requested and may have his tools, the T.V. set, with the big screen, the recliner and the tape collection, any of these items of which have not previously been taken by him.
The defendant is awarded alimony in the amount of $290. a week for 20 years, plus $10. a week on any arrearage not paid as of the date of this Memorandum of Decision, both of which shall be paid by a COBRA assignment from any wages of the plaintiff for the statutory period. The plaintiff also shall reimburse the defendant in the amount of $395. for taxes paid by her on the Oxford property, and shall pay one half of whatever fee the attorney for the defendant is asking for representing the defendant.
The court notes that the parties have agreed that any and all alimony orders entered either prior to or effective as of the date of the dissolution of its marriage shall be retroactive to June 28, 1994.
THOMAS J. O'SULLIVAN, TRIAL REFEREE CT Page 7094